### UNITED STATES of America, Plaintiff-Appellee,

v.

### Navor SOLIS–ALVAREZ, Defendant-Appellant.

### No. 05–50179.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 1, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jodi D. Thorp, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Navor Solis–Alvarez appeals from the district court's order, following remand from this court, concluding that it had considered his sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and it would adhere to the original sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solis–Alvarez contends that the district court violated his due process and Fed.R.Crim.P. 32 rights to allocution. This contention fails. Given the limited nature of the district court's inquiry on remand, Solis–Alvarez was not entitled to allocute, unless the court first determined that it would impose a different sentence. *See United States v. Silva*, 472 F.3d 683, 689 (9th Cir.2007). Even assuming the district court erred, Solis–Alvarez was not prejudiced by such error because he was deported prior to the district court's sentencing determination, and he was not available for allocution. *See United States*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Leasure,* 122 F.3d 837, 840 (9th Cir. 1997).

■ Solis–Alvarez also contends that remand is required because the district court did not solicit, either orally or at least in writing, the views of counsel, prior to issuing its sentencing order. He is correct that *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc), requires this. However, the disputed order was issued prior to *Ameline,* and the mandate from this court gave the district court broad discretion as to the procedures that it would follow on remand. *See United States v. Montgomery,* 462 F.3d 1067, 1072 (9th Cir.2006) (explaining that the obligation to solicit counsel's views arises from this court's instructions under *Ameline* ). Furthermore, even assuming there was error, we conclude that it did not impact his substantial rights. *See* Fed.R.Crim.P. 52(a).

■ We also reject Solis–Alvarez's contention that the district court did not adequately address the 18 U.S.C. § 3553(a) factors in its order. In determining that it would not have imposed a different sentence in light of *Booker,* the district court was not required to engage in a full-blown sentencing analysis. *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006).

Because we affirm on an alternate basis, we do not address the government's additional contentions.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.